**LEACH–HANNA, Appellant,**

v.

**ALTIER, Appellee.**

[Cite as *Leach–Hanna v. Altier* (1995), 102 Ohio App.3d 610.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 2915.

Decided March 22, 1995.

*Gaynell Leach–Hanna, pro se.*

*Mark W. Altier, pro se.*

QUILLIN, Judge.

Gaynell Leach–Hanna appeals the Wayne County Court of Common Pleas' dismissal of her legal malpractice action against her former attorney, Mark W. Altier. Because the trial court correctly determined that appellant's action was barred by Ohio's statute of limitations, we affirm.

In February 1991, appellant retained Altier to represent her in a divorce action brought by her husband. Altier filed an answer to the divorce complaint and a number of other motions on appellant's behalf.

In May 1991, Altier informed appellant that he had taken a job with the state and would no longer be able to represent her. The trial court granted Altier's motion for leave to withdraw in a journal entry dated May 8, 1991. On May 30, 1991, appellant obtained her file from Altier's office and subsequently retained other counsel.

On July 25, 1991, the divorce was tried before a referee, who issued his report and recommendations the following day. The report was later journalized as the order of the trial court. Appellant appealed that ruling to this court, asserting that the trial court had improperly denied her request for spousal support. In our decision of February 19, 1992, we remanded the cause for a reconsideration of the issue. *Hanna v. Hanna* (Feb. 19, 1992), Wayne App. No. 2670, unreported, 1992 WL 32000. The referee entered a second report in November 1992. Appellant's objections to the referee's second report were overruled by the trial court.

In December 1993, appellant filed a malpractice action against Altier in the Wayne County Court of Common Pleas. Altier moved the court for dismissal, asserting that her claim was time-barred. The trial court granted Altier's motion, finding that the one-year statute of limitations on legal malpractice actions had expired prior to appellant's filing her complaint. This appeal followed.

Although appellant raises a number of arguments, the dispositive issue of this appeal is whether her action was commenced against Altier within the statute-of-limitations period.

Pursuant to R.C. 2305.11(A), a legal malpractice action must be commenced within one year after the cause of action accrued. The Ohio Supreme Court has held that a "legal malpractice [action] accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus.

It is undisputed that the attorney-client relationship between appellant and Altier ended in May 1991. It is necessary then to determine when a cognizable event occurred which should have informed appellant that she had a possible claim against Altier. In *Zimmie,* the court noted that it is not necessary that one

understand the full extent of the injury before there is a cognizable event. *Id.* at 58, 538 N.E.2d at 401–402. It is enough that there be some noteworthy event to alert "a reasonable person that a questionable legal practice may have occurred." *Id.*

Appellant's complaint against Altier alleges a number of deficiencies, most of which relate to his withdrawal as her counsel in the divorce action. As previously mentioned, the attorney-client relationship between appellant and Altier ended in early May 1991. Later that month, appellant picked her file up from Altier's office and retained new counsel. On July 25, 1991, the divorce went to trial and the referee issued his report the following day. Thereafter, the trial court adopted the referee's report and entered final judgment. The final judgment was a cognizable event at which time appellant should have discovered that she had a possible claim against Altier. In a letter to Altier dated August 21, 1991, appellant contested Altier's fee, complaining that his withdrawal as counsel left her with inadequate time to secure other representation and inadequate time to prepare her case with her new attorney. This letter—coupled with the unsatisfactory outcome of her divorce trial—clearly demonstrates that, as of August 1991, appellant was aware of the facts which would underlie her claim for malpractice. Accordingly, the statute of limitations for her legal malpractice action against Altier began to run at that time.

Moreover, even assuming that the decision of the trial court was not sufficient to put appellant on notice that she had a possible claim against her former attorney, certainly the decision of this court issued in February 1992 constituted a cognizable event to begin the running of the limitations period. Accordingly, appellant would have had until February 1993 to bring an action against Altier. Appellant, however, did not file her complaint against Altier until December 3, 1993—well outside the statutory period. Her action is therefore barred by the statute of limitations.

The judgment is affirmed.

*Judgment affirmed.*

Baird, P.J., and Slaby, J., concur.